UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.            ) | Case No. 2:22-cr-00010 |
| ) | |
| **LYNN EDWARD BOWEN II** ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by counsel, having considered the facts and circumstances of this case, and the sentencing factors set forth in 18 U.S.C. § 3553(a), respectfully recommends that Mr. Bowen be sentenced to a term of incarceration within the agreed Rule 11(c)(1)(C) range of 120 months to 144 months, followed by five years of supervised release. The government submits this memorandum in support of its recommendation.

## PROCEDURAL HISTORY

On September 13, 2022, an Abingdon grand jury returned a one-count Indictment charging Mr. Bowen with being a felon and unlawful drug user in possession of a firearm. ECF No. 48 ¶ 1. Because of Mr. Bowen's criminal history, the statutory mandatory minimum sentence for the indicted § 922(g) charge was 15 years. *See* 18 U.S.C. § 924(e).

On November 21, 2022, Mr. Bowen pled guilty to a one-count Information charging possession of a firearm in furtherance of a drug trafficking crime. *Id.* ¶ 3.

Pursuant to the plea agreement, the government agreed to dismiss the original indictment. *Id.* ¶ 4. The parties further agreed Mr. Bowen should be sentenced to a period of incarceration within the agreed Rule 11(c)(1)(C) range of 120 months to 144 months. *Id.* ¶ 5. Sentencing is scheduled for August 15, 2023.[1]

## LEGAL STANDARD

In sentencing a defendant, district courts must follow a four-step process: (1) properly calculate the advisory sentencing guideline range; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C. § 3553(a) and, if it does not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate on the record the reasons for selecting a particular sentence and, if applicable, explain why a sentence outside of the advisory sentencing guideline range better serves the relevant sentencing purposes set forth in § 3553(a). *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 260–65 (2005); 18 U.S.C. § 3553(a).

## APPLICABLE GUIDELINE RANGE

The Presentence Investigation Report ("PSR") correctly calculates the guideline range in this case. Mr. Bowen is a career offender who should receive a

---

[1] Mr. Bowen also agreed to forfeit all rights, title, and interest in certain assets—specifically, a Smith & Wesson .38 caliber revolver and three rounds of Remington and Peters .38 caliber ammunition. *See* ECF No. 47 (Agreed Preliminary Order of Forfeiture).

three-level reduction for acceptance of responsibility and thus, under U.S.S.G. §§ 2K2.4(c) and 4B1.1(c), the guideline range is 262 months to 327 months in this case. *Id.* ¶ 17; *see also* ECF No. 52 (providing a lengthy discussion of why the PSR correctly designated Mr. Bowen as a career offender).

Mr. Bowen's criminal history results in a criminal-history category of VI, based on a total criminal-history score of twenty-one. *Id.* ¶ 38.

## STATUTORY LIMITATIONS

There is a statutory mandatory minimum sentence of five years in this case. *Id.* ¶ 79. The maximum term of imprisonment is life. *Id.* Mr. Bowen faces a fine of up to $250,000 and a period of supervised release of up to five years. *Id.* ¶¶ 83, 88. There is a mandatory special assessment of $100, pursuant to 18 U.S.C. § 3013.

## APPLICATION OF § 3553(a) FACTORS

Considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Mr. Bowen to a period of incarceration within the agreed Rule 11(c)(1)(C) range of 120 months to 144 months.

1. *Nature and circumstances of the offense.* In June 2022, Mr. Bowen was found lying on the ground near Glamorgan Church in Wise, Virginia, with a loaded Smith & Wesson .38 caliber revolver beside him in the grass. Mr. Bowen initially said he did not know anything about the gun; he told the arresting officers he was a convicted felon who could not have guns. He later admitted the gun belonged to

him. Following Mr. Bowen's arrest, officers found a folded $5 bill on Mr. Bowen's person with approximately one gram of methamphetamine inside, in addition to 12 pills. Mr. Bowen admitted he had been purchasing distribution quantities of methamphetamine—up to a quarter pound of methamphetamine at a time—for at least one year. He described being present on multiple occasions when his source of supply traded methamphetamine in exchange for firearms. The methamphetamine found on Mr. Bowen's person was obtained by Mr. Bowen from Jamie Johnson, another defendant currently awaiting sentencing by this Court.[2]

    2.    *History and characteristics of the defendant.* Mr. Bowen is 45 years old and has an extensive criminal history. He has prior state convictions for distribution of oxycodone in 2008 and 2011, manufacturing methamphetamine in 2018, and possessing methamphetamine with the intent to distribute in 2021. ECF No. 48 ¶¶ 23, 28, 30, 32. Notably, Mr. Bowen served less than five years in total for these drug-related convictions. Mr. Bowen also has several prior convictions for driving while intoxicated (four separate occasions), carrying a concealed weapon, violating a protective order in relation to his girlfriend (nine separate occasions),

---

[2] The government has recommended a sentence of 216 months for Mr. Johnson, which is within Mr. Johnson's calculated guideline range. *See* ECF No. 42 in Case No. 2:23CR2. A significantly lower sentence of 120 months to 144 months for Mr. Bowen is appropriate, given Mr. Bowen's significantly less culpable behavior as compared to Mr. Johnson, who was a much larger-scale methamphetamine distributor who pleaded guilty to both drug distribution and firearm offenses.

domestic assault, and others. *Id.* ¶¶ 20-21, 24-27, 29, 33. He also had state charges for murder, various forms of assault (11 counts), shooting missiles at occupied vehicles, possession of a firearm by a convicted felon, and violations of protective orders (nine counts) that were nolle prossed. *Id.* ¶¶ 42, 44-48, 51-52, 55, 57-58, 60-62. Further, according to the PSR, Mr. Bowen has violated the terms of his state probation on at least five occasions, including by failing to abide by terms of home confinement, absconding from supervision, and obtaining new criminal charges. *Id.* ¶¶ 23, 27, 30. He was on probation in relation to four of his prior state convictions at the time of the instant offense. *Id.* ¶ 37.

As far as personal history, Mr. Bowen has lived on his own since age 16. *Id.* ¶ 64. He has a history of substance abuse dating back even earlier—to age 13. He was regularly using marijuana, methamphetamine, and opiates at the time of his most recent arrest. *Id.* ¶¶ 72-74. Mr. Bowen reports an opiate addiction that began after being prescribed Percocet for a football injury in 1993 and was exacerbated by injuries from a motorcycle accident the following year. *Id.* ¶¶ 68, 74. Mr. Bowen is separated and has three adult children. *Id.* ¶¶ 65-66. He has worked as a welder, logger, coal miner, and tree topper throughout his adult life. *Id.* ¶ 77.

3. *The remaining factors under § 3553(a).* A sentence within the agreed range would account for the need to provide just punishment, promote respect for the law, deter Mr. Bowen from future criminal activity, and protect the public from

5

future crimes of this defendant. Accordingly, the government submits that a sentence within the agreed range of 120 months to 144 months is sufficient but not greater than necessary and would serve the factors in § 3553(a).

## RESTITUTION

Restitution is not applicable in this case.

## SENTENCING WITNESSES

The government does not intend to present any witness testimony at the sentencing hearing.

## SUPERVISED RELEASE

Mr. Bowen's conviction carries a statutory period of supervised release of up to five years. ECF No. 48 ¶ 83. The government respectfully recommends that the Court impose a period of supervised release of five years in this case, which would be consistent with the Sentencing Guidelines. *Id.* ¶ 84.

## CONCLUSION

For these reasons, the United States recommends that the Court impose a sentence within the agreed Rule 11(c)(1)(C) range of 120 months to 144 months, followed by a period of supervised release of five years, which would be sufficient but not greater than necessary to address the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH

United States Attorney

*s/Lena L. Busscher*
Lena L. Busscher
VSB No. 82353
Assistant United States Attorney
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
USAVAW.ECFAbingdon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum has been electronically filed by CM/ECF system, which will send notification of such filing to defendant's counsel, on this the 24th day of July 2023.

*s/Lena L. Busscher*
Assistant United States Attorney